**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>ANTONIO ZAMORA,<br><br>                    Defendant. | Case No.: 1:20-cr-00235-JLT-SKO-3<br><br>ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE<br><br>(Doc. 111) |

Antonio Zamora was sentenced in this action on October 14, 2022 to 57 months imprisonment followed by no term of supervised release, (Docs. 90–91), after he pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine. (Doc. 77.) On September 15, 2023, Defendant filed a pro se motion requesting that his sentence be modified to add non-reporting supervised release to his sentence. (Doc. 111.) It appears that Defendant has accumulated certain good time credits which cannot be applied unless he will be released under supervision of some kind. (*See id.*)

The Court construed the request as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 125.) On November 30, 2023, the Court referred the matter to the Federal Defender's Office pursuant to General Order 595 and set a briefing schedule. (*Id.*) Counsel was appointed on January 23, 2024, (Doc. 135), who requested and received modifications to the briefing schedule. (Docs. 136–37, 142–43.) On May 24, 2024, Defense

1  Counsel indicated that no supplement to the original motion would be filed. (Doc. 156.) The
2  United States has not filed a response to the motion. For the reasons set forth below, the motion is
3  **DENIED**.

4      A court generally "may not modify a term of imprisonment once it has been imposed." 18
5  U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of
6  conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not
7  be modified by a district court except in limited circumstances."). Those limited circumstances
8  include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp.
9  3d 964, 968 (D. Or. 2020); *see also* 18 U.S.C. § 3582(c)(1)(A) (permitting but not requiring a
10 Court to reduce a term of imprisonment where "extraordinary and compelling reasons warrant"
11 the requested reduction after also considering the sentencing factors enumerated in 18 U.S.C.
12 § 3553(a)). Any reduction under 3582(c)(1)(A) must also be "consistent with applicable policy
13 statements issued by the Sentencing Commission." *Id*.

14     New sentencing guidelines went into effect on November 1, 2023. *See* U.S.S.G. § 1B1.13
15 (last amended Nov. 1, 2023). This Court refers to the Sentencing Commission's policy statement
16 for guidance. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (Stating
17 that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district
18 court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding"
19 regarding the previous policy statement issued in 2006). The amendments contain six types of
20 circumstances that may qualify as "extraordinary and compelling." *Id*. These are 1) the medical
21 circumstances of the defendant, 2) the age of the defendant, 3) the family circumstances of the
22 defendant, 4) whether the defendant was a victim of abuse while in custody, 5) other reasons that
23 are similar in gravity to 1-4, and 6) an unusually long sentence. USSG §1B1.13, p.s. (last
24 amended Nov. 1, 2023). Defendant's situation does not appear to fall into any of these categories.
25 To the contrary, pursuant to U.S.S.G. §5D1.1(c), "[t]he court ordinarily should not impose a term
26 of supervised release in a case in which supervised release is not required by statute and the
27 defendant is a deportable alien who likely will be deported after imprisonment."

28     For all these reasons, the Court concludes it does not have authority under 18 U.S.C.

§ 3582 to modify Defendant's sentence in the manner requested. Thus, the motion is **DENIED**.

IT IS SO ORDERED.

   Dated:   **October 2, 2024**

*[Signature: Jennifer L. Thurston]*
UNITED STATES DISTRICT JUDGE